```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

CHARLES L. FREEZE,            )
                              )
          Plaintiff,           )
                              )
     v.                        )    CIVIL NO. 1:05CV220
                              )
VA MEDICAL CENTER,             )
                              )
          Defendant.           )


MEMORANDUM OPINION


BULLOCK, District Judge

Defendant has filed a motion to dismiss this case in which the Plaintiff, a frequent pro se litigant in this court, has filed a claim seeking the payment of $2,549.47 from Plaintiff's deceased father's trust account at the Defendant VA Medical Center. In an order dated October 5, 2005, the court deferred ruling on Defendant's motion and directed the Defendant to submit additional supporting documentation that any balance in the Plaintiff's father's patient trust account was released to the Plaintiff following his father's death.

Defendant has filed the sworn declaration of the Chief of Health Administration Services at the Veterans Administration Medical Center in Salisbury, North Carolina, stating that at the time of Plaintiff's father's death on June 28, 2001, he had a patient trust account containing $5,558.16, including benefits

paid under the laws administered by the Department of Veterans Affairs in the amount of $2,549.47 and private funds in the amount of $3,008.69; that at the time of his death Plaintiff's father had an unsatisfied obligation for overpayment of benefits in the amount of $3,536.00; that following the release of private funds in the amount of $3008.69 to the Plaintiff, the balance of $2,549.47 was returned to the VA benefits program as a partial offset to the benefit overpayment. Business records attached to the declaration support the declaration.

In response to the Government's declaration and supporting documentation, Plaintiff simply replies that the declarant does not have any personal knowledge of the overpayment. However, the Defendant's business records provide strong evidence that at the time of Plaintiff's father's death there was an unsatisfied obligation for overpayment of benefits in the amount of $3,536.00.

The court has granted Plaintiff additional time at his request to furnish additional supporting evidence of his claim. Plaintiff has responded only with his own unsupported allegations. Because the court has provided notice to the Plaintiff that he may present proof of his claim, and because the court has considered matters outside the pleadings, Defendant's motion to dismiss will be treated as a motion for summary judgment, Federal Rule of Civil Procedure 56(b), and will be

granted. Plaintiff's complaint is also subject to dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) also provides a basis for dismissal.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

December 29, 2005                                   /s/ Frank W. Bullock, Jr.
                                                   United States District Judge